# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Morgan Stanley Smith Barney LLC,  ) | |
| ) | Civil Action No. 1:15-cv-02710-JMC |
| Petitioner,  ) | |
| ) | |
| v.  ) | **ORDER** |
| ) | |
| Gloria M. Kirby, *individually and on behalf*  ) | |
| *of her IRA and as Beneficiary to the*  ) | |
| *Maynard J. Kirby IRA*,  ) | |
| ) | |
| ) | |
| Respondent.  ) | |
| _____ ) | |

      This matter is before the court upon Petition's Motion to Confirm Arbitration Award and for Final Judgment (ECF No. 1). Petitioner's application, filed on July 8, 2015, specifically requests this court to: "(i) confirm an award . . . entered by the arbitration panel in a Financial Industry Regulatory Authority ("FINRA") arbitration captioned *Gloria M. Kirby, individually and on behalf of her IRA and as Beneficiary to the Maynard J. Kirby IRA v. Morgan Stanley Smith Barney, LLC*, FINRA Case No. 13-01545 . . . ; (ii) direct the expungement of any public and non-public records of FINRA and the Central Registration Depository . . . related to the Arbitration at issue and underlying claim, particularly those records pertaining to non-parties, Michael Anaclerio and Stephen Anaclerio; and (iii) enter a final judgment . . . ." (*Id.* at 1 (referencing provisions of the FINRA Arbitration Award (ECF No. 1-1).)

      **I.**      **BACKGROUND AND PROCEDURAL FACTS**

      Petitioner Morgan Stanley Smith Barney LLC is a Delaware limited liability company with its principal place of business in New York, New York. (ECF No. 1 at 2.) Respondent Gloria M. Kirby, a resident of Graniteville, South Carolina, brought the arbitration individually and on behalf of her IRA and as beneficiary to the Maynard J. Kirby IRA. (*Id.*) On or about May 21, 2013,

1

Respondent filed a Statement of Claim against Petitioner before FINRA in the arbitration, which was set in Columbia, South Carolina. (*Id.*) The parties executed and filed a FINRA Uniform Submission Agreement (ECF No. 1-2.),[1] and the arbitration panel entered an award on July 16, 2014. (ECF No. 1-1.)

FINRA has specifically waived, in writing, its requirement that it be made a party to the proceedings before this court. (ECF No. 1-3.) Respondent also waived service of the summons and this motion. (ECF No. 3.) She filed no objections or responses.

## II.     JURISDICTION

Under the Federal Arbitration Act, a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . ." 9 U.S.C. § 9. The Court must confirm the award unless it vacates, modifies, or corrects the award under 9 U.S.C. §§ 10 or 11. *Id*; *see also Apex Plumbing Supply v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998).

## III.    LEGAL STANDARD & ANALYSIS

The court's role in reviewing an arbitrator's decision generally is "to determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it." *Wachovia Securities, LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012) (citations and internal quotation marks omitted). "Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law." *Apex Plumbing Supply*, 142 F.3d at 193. The

---

[1] The Uniform Submission Agreement states in relevant part: "The undersigned party further agrees to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agrees that a judgment, and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned party hereby voluntarily consents to submit to jurisdiction of any court of competent jurisdiction which may properly enter such judgment." (ECF No. 1-2.)

circumstances permitting a court to vacate an arbitration award specifically are found at 9 U.S.C. § 10(a).[2]

Based upon a thorough review of the record herein, and the fact that no party has moved to vacate or modify the arbitration award herein, this court finds that the arbitration award, as described in the FINRA Arbitration Award agreement, (ECF No. 1-1 at 3–4), should be confirmed pursuant to 9 U.S.C. § 9.

## IV.    CONCLUSION

Petitioner's Motion to Confirm Arbitration Award and for Final Judgment (ECF No. 1) therefore is **GRANTED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 2, 2015
Columbia, South Carolina

---

[2] 9 U.S.C. § 10(a) specifically provides:
> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>> (1) where the award was procured by corruption, fraud, or undue means:
>> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy: or of any other misbehavior by which the rights of any party have been prejudiced; or
>> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

3